## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LONNIE LUPARDUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 25-2435-HLT-ADM |
| | ) |
| CITY OF GARDNER, KANSAS, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

This matter comes before the court on pro se plaintiff Lonnie LuPardus's Motion for Appointment of Counsel. (ECF 8.) LuPardus brings civil-rights claims under 42 U.S.C. § 1983 against the city of Gardner, Kansas, arising out of the actions of Gardner police officers in October 2023, including their arrest of LuPardus. For the reasons discussed below, the court denies LuPardus's request for appointment of counsel without prejudice to be renewed, if at all, if and when LuPardus's claims survive summary judgment and are prepared to proceed to trial.

In civil actions such as this one, there is no constitutional right to appointed counsel. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (per curiam). Pursuant to 28 U.S.C. § 1915(e)(1), however, a district court "has discretion to request an attorney to represent a litigant who is proceeding in forma pauperis." *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (per curiam). In deciding whether to appoint an attorney to represent an indigent party, the court considers the following factors: (1) the merit of the party's claims; (2) "the nature and complexity of the factual and legal issues"; and (3) the party's "ability to investigate the facts and present [the] claims." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). The court also considers whether the party has made a diligent effort to retain an attorney. *Camick v. Holladay*, No. 17-1110-EFM-GEB, 2017 WL 4099472, at *2 (D. Kan. Sept. 14, 2017).

The fact that an attorney could assist in presenting the "strongest possible case" is not enough to justify appointing counsel because "the same could be said in any case." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006). In addition, the court is mindful that § 1915(e)(1) provides no method for compensating an attorney who takes on the case. The pool of volunteer attorneys is limited, and "[t]houghtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments." *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992). Indiscriminately appointing "volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time." *Id.*

The court does not find it appropriate to appoint counsel for LuPardus at this time. Although it appears LuPardus diligently tried to obtain an attorney, other factors weigh against appointment of counsel. First, LuPardus has not demonstrated any reason why he would be unable to investigate the facts and present his claims to the court, particularly given the liberal standards governing *pro se* litigants. The factual and legal issues in this case do not appear to be complex. The court is also confident that the district judge assigned to this case will have little trouble discerning the applicable law, as this case does not appear to present any atypical or complex legal issues. The court notes that LuPardus's written submissions are well-written and organized. Although it may be true, as LuPardus asserts, that an attorney might have greater legal knowledge and capacity to prosecute the case, that is not the applicable standard. *See Steffey*, 461 F.3d at 1223. Finally, based on the limited allegations and claims presented in the complaint, the court is unable to determine whether LuPardus's claims are particularly meritorious.

In the end, the court concludes that this is not a case in which justice requires the appointment of counsel. LuPardus's motion for appointment of counsel therefore is denied.

However, the court will deny the motion without prejudice to it being renewed if and when LuPardus's claims survive summary judgment and proceed to trial. The court recognizes that its analysis of the factors relevant to the appointment of counsel may change as the case progresses. "[A] court may well appoint counsel at the outset of a case, [but] it might also decide to postpone the decision—for example, until after resolution of dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case." *Jackson v. Park Place Condominiums Ass'n, Inc.,* No. 13-2626-CM, 2014 WL 494789, at *3 (D. Kan. Feb. 6, 2014). LuPardus therefore may renew his motion at a later procedural juncture.

**IT IS THEREFORE ORDERED** that LuPardus's Motion to Appoint Counsel (ECF 8) is denied without prejudice.

**IT IS FURTHER ORDERED** that the Clerk's office mail a copy of this order to LuPardus via regular mail.

**IT IS SO ORDERED.**

Dated August 21, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge